# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| CORY MCMAHAN, | ) |
| Petitioner, | ) ) ) |
| v. | )    No. 4:20-cv-1453-JCH |
| JAMIE CRUMP, | ) ) ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court upon review of petitioner Cory McMahan's motion for leave to proceed *in forma pauperis*, and Petition for a Writ Of Habeas Corpus Under 28 U.S.C. § 2241. The Court has reviewed the motion, and has determined that petitioner should be allowed to proceed *in forma pauperis* in these proceedings. The Court will therefore grant the motion. Additionally, the Court will direct petitioner to show cause why the petition should not be dismissed for failure to exhaust state remedies.

Petitioner is a pretrial detainee at the St. Francois County Jail. Review of publicly-available records on Missouri Case.net, the State of Missouri's online docketing system, shows he is currently facing criminal charges in St. Francois County Circuit Court. *See State v. McMahan*, No. 20SF-CR00702-01 (24th Jud. Cir. 2020). At present, petitioner is represented by counsel, and a hearing is scheduled for February 17, 2021. This Court takes judicial notice of the Missouri State Court record before it, as obtained through the public records published on Missouri Case.net. *See Levy v. Ohl,* 477 F.3d 988 (8th Cir. 2007) (district court may take judicial notice of public state records); *Stutzka v. McCarville*, 420 F.3d 757, 760 n. 2 (8th Cir. 2005) (courts "may take judicial notice of judicial opinions and public records.").

In the instant petition, petitioner claims he is entitled to relief pursuant to 28 U.S.C. § 2241 because he is being held in custody without evidence. In ground one of the petition, he writes: "[n]o evidence within case, such as no pictures of crime [scene], no weapon, victim did not seek medical attention." In ground two, petitioner writes: "[t]here was no identification line up done within the case and no investigation done within case." In ground three, petitioner writes: "victim did not seek medical attention no medical records." In ground four, petitioner writes: "statement from victim does not have my name in statment [*sic*]." As relief, petitioner asks this Court to dismiss the above-cited Missouri State criminal case and order him released from custody, effectively preventing his prosecution in St. Francois County Circuit Court.

A petition for writ of habeas corpus brought under § 2241 may be used to address a future prosecution. *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484 (1973), *Sacco v. Falke*, 649 F.2d 634, 635–36 (8th Cir. 1981). However, "federal habeas corpus does not lie, absent 'special circumstances,' to adjudicate the merits of an affirmative defense to a state criminal charge prior to a judgment of conviction by a state court." *Braden*, 410 U.S. at 489. *See also Sacco,* 649 F.3d at 635-36 (". . . a petitioner seeking relief from state custody by means of a federal writ of habeas corpus is ordinarily required to exhaust his state remedies."). In the case at bar, petitioner does not aver, nor is it apparent, that he exhausted state remedies before bringing the instant petition. The Court will give petitioner the opportunity to show cause why the instant petition should not be dismissed due to such failure.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's motion for leave to proceed *in forma pauperis* (ECF No. 5) is **GRANTED**.

**IT IS FURTHER ORDERED** that petitioner shall show cause, in writing and within

2

thirty (30) days of the date of this order, why the Court should not dismiss the instant petition due to his failure to exhaust available state remedies.

**Petitioner's failure to timely comply with this order may result in the dismissal of this case, without prejudice and without further notice.**

Dated this ___4th____ day of February, 2021.


\s\   Jean C. Hamilton
JEAN C. HAMILTON
UNITED STATES DISTRICT JUDGE